**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARNIQUE HEWETT**, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| **PEOPLES COMMERCE, INC.** | ) |
| | ) |
| Defendant | ) |
| | ) |

## COMPLAINT

MARNIQUE HEWETT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C alleges the following against PEOPLES COMMERCE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Philadelphia, PA 19141.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business, headquarters, or otherwise valid mailing address located at 1001 W. Ridge Pike Conshohocken, PA 19428.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone number, often multiple times per day.

13. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a delay or pause prior to a live representative of Defendant coming on the line.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop Defendant's incessant calling, Plaintiff spoke to Defendant shortly after the calls commenced, and insisted that Defendant stop calling her.

17. Defendant heard and acknowledged Plaintiff's request to stop calling.

18. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

19.      However, Defendant continued to call Plaintiff excessively.

20.      Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

21.      Plaintiff found Defendant's repeated calls to be invasive, harassing, annoying, frustrating, and upsetting.

22.      Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

**COUNT I**
**DEFENDANT VIOLATED THE**
**<u>TELEPHONE CONSUMER PROTECTION ACT</u>**

23.      Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.      Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages.

25.      Defendant's calls to Plaintiff were not made for "emergency purposes."

26.      Defendant's calls to Plaintiff after Plaintiff revoked consent to call were made without "prior express consent."

27.      Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.      The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARNIQUE HEWETT, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARNIQUE HEWETT, demands a jury trial in this case.

Respectfully submitted,

DATED: May 8 2020

By: */s/ Amy L.B. Ginsburg*
Amy L.B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Email: aginsburg@creditlaw.com
Attorney for Plaintiff